# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN DURAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-717-TCK-tlw |
| ) | |
| CPL. JASON B. MUSE, et al. ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court are (1) Plaintiff's Third Amended Complaint (Doc. 28), which the Court construes as a motion for leave to amend Plaintiff's First Amended Complaint (Doc. 15); (2) Defendants' Motion to Quash Subpoena (Doc. 43); (3) Plaintiff's Second Motion to Compel (Doc. 33); and (4) the parties' joint status report regarding disputed discovery (Doc. 45).

**I.    Plaintiff's Proposed Amendments to Complaint**

Plaintiff Jonathan Duran filed his initial Complaint in this proceeding on November 30, 2016. Plaintiff is a pro se litigant appearing *in forma pauperis* in this action. On March 8, 2017, after being served with summons in this proceeding, Defendants Jason B. Muse ("Muse") and Tulsa Police Department ("TPD") (collectively, "Original Defendants") filed a motion to dismiss (Doc. 11). On March 22, 2017, Plaintiff filed an Amended Complaint (Doc. 15) against the Original Defendants. On April 4, 2017, the Original Defendants filed a motion to adopt their previously filed motion to dismiss in response to Plaintiff's First Amended Complaint (Doc. 20). On May 1, 2017 Plaintiff filed a proposed Second Amended Complaint (Doc. 24) naming Muse and the City of Tulsa (the "City") as defendants. Plaintiff filed the proposed Second Amended Complaint without obtaining consent from any defendant or obtaining leave of Court. On May 8, 2017, Plaintiff filed a proposed Third Amended Complaint naming Muse, TPD, and the City as defendants (Doc. 28), again without

obtaining consent from any defendant or obtaining leave of Court. The Original Defendants filed responses opposing Plaintiff's proposed Second Amended Complaint and proposed Third Amended Complaint.

Pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), a plaintiff may amend his pleading once as a matter of course, if timely filed. Rule 15(a) provides that any other amendment may be made only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Due to Plaintiff's pro se status, the Court construes Plaintiff's proposed Third Amended Complaint[1] as a motion for leave to amend. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); *see also Lymon v. Aramark Corp.*, 2009 WL 1299842, at *4 (D.N.M. Feb. 4, 2009) ("Although they should not assume the role of advocate, court[s] often make certain allowances for a pro se plaintiff."). In his reply to Defendants' objection to the proposed Third Amended Complaint, Plaintiff represents that the proposed amendments consist only of "a few minor wording changes to help it be more concise" and that "there are no major differences" from Plaintiff's First Amended Complaint. (Pl.'s Resp. to Def.'s Obj. to Third Am. Compl., Doc. 36.) However, when compared with the First Amended Complaint in this proceeding (Doc. 15), the proposed Third Amended Complaint names an additional defendant (the City) and alleges additional claims for "[h]ome invasion, burglary, and death threats." (*Id.*)[2]

---

[1] Plaintiff's proposed Second Amended Complaint, and Defendants' response thereto, are moot as a result of Plaintiff's proposed Third Amended Complaint.

[2] The Original Defendants contend the City is already a party to this litigation by virtue of its authority over TPD. (*See* Defs.' Mot. to Quash 2.)

2

While Plaintiff has not shown why justice requires the proposed substantive amendments, the Court notes that under Federal Rule of Civil Procedure 18, a plaintiff generally may join "as many claims as it has against an opposing party." Furthermore, Defendants have objected to the Third Amended Complaint only on the ground that Plaintiff filed it improperly without seeking Defendants' consent or leave of Court to amend. As noted above, a court may make certain allowances for a pro se plaintiff, and the Court will grant Plaintiff leave to file his proposed Third Amended Complaint despite Plaintiff's failure to comply with Rule 15(a). Nevertheless, the Court advises Plaintiff that if he should seek to make any further amendment, he will be required to comply with Rule 15(a) by submitting a motion for leave to amend which states (1) whether Defendants consent to the amendment; and (2) if Defendants have not consented to the amendment, why justice requires the amendment sought. The Court will not grant any such leave to amend unless Plaintiff presents compelling circumstances requiring further amendment.

**II.     Defendants' Motion to Quash Subpoena**

On June 2, 2017, the Original Defendants moved the Court to quash the Subpoenas Duces Tecum issued by Plaintiff to the City on the grounds that the City is a party to this lawsuit, because TPD is "an agency of the City." (Defs.' Mot. To Quash 2, Doc. 43.) In light of the Court's ruling above granting Plaintiff leave to add the City as a defendant, the Court finds that Plaintiff's subpoena to produce documents is improper and should be quashed. Therefore, the Court grants the motion. Instead of issuing a subpoena, Plaintiff may make a request for the production of documents in compliance with Federal Rule of Civil Procedure 34, since the City is now a party to the action.

3

**III.     Plaintiff's Second Motion to Compel**

Pursuant to the Court's May 24, 2017 Order (Doc. 39), the parties submitted a Joint Status Report on Requested Discovery on June 5, 2017 (Doc. 45) ("Joint Discovery Report") relating to disputed discovery requests addressed in Plaintiff's Second Motion to Compel (Doc. 33). Based on the Joint Discovery Report, it appears the parties have resolved their disputes as to Requests 1-3, and the only remaining disputes involve Request 4 and Request 5 as identified in the Second Motion to Compel. To facilitate a ruling on the remaining disputed requests, Defendants shall file a response to Plaintiff's Second Motion to Compel regarding any remaining objection Defendants have to Request 4 and Request 5. Defendants' response should explain their objection(s) and indicate which portion(s) of Request 4 and Request 5, if any, Defendants do not object to. Defendants' response shall not exceed five (5) pages and is due no later than seven (7) days from the date of this Order. Plaintiff shall file any reply to Defendants' response, not to exceed five (5) pages, no later than seven (7) days after Defendants' response is filed.

**IV.     Conclusion**

Plaintiff's Third Amended Complaint (Doc. 28) is construed as a motion to amend, and such motion (Doc. 28) is GRANTED. The Original Defendants shall respond or file a motion pursuant to Federal Rule of Civil Procedure 12(b) within fourteen (14) days of this Order. Plaintiff's Second Amended Complaint (Doc. 24) and Defendants' Objection thereto (Doc. 26) are moot. Defendants' motion to dismiss (Doc. 11), motion to adopt and incorporate by reference (Doc. 20), and motion to strike Plaintiff's second supplemental response to Defendants' motion to dismiss (Doc. 38), which relate to the First Amended Complaint, are DENIED as moot.

Defendants' Motion to Quash Subpoena (Doc. 43) is GRANTED.

Defendants are ORDERED to file any response to Plaintiff's Second Motion to Compel (Doc. 33) no later than seven (7) days from the date of this Order. Plaintiff shall have seven (7) days to reply to any response filed by Defendants to Plaintiff's Second Motion to Compel.

**SO ORDERED this 6th day of June, 2017.**

**TERENCE KERN**
**United States District Judge**